**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EDSEL RODRIGUEZ-SERRANO,

        Plaintiff,

v.                                                                 Case No:   6:25-cv-4-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

**MEMORANDUM OF DECISION**

Edsel Rodriguez-Serrano ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 6.   Claimant raises one argument challenging the Commissioner's final decision, specifically that the Appeals Council erred in its consideration of new and material evidence, and, based on that argument, requests that the matter be reversed and remanded for further administrative proceedings.   Doc. No. 14; *see also* Doc. No. 17.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision should be affirmed.    Doc. No. 16.    For the reasons stated herein, the

Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY.

On March 24, 2021, Claimant filed applications for DIB and SSI, alleging a disability onset date of March 31, 2020.   R. 371–87.[1]   Claimant's applications were denied initially and on reconsideration, and he requested a hearing before an ALJ. R. 170–78, 181–89.   A hearing was held before the ALJ on February 23, 2023, during which Claimant was represented by an attorney.   R. 76–97.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*   After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 132–54. Claimant sought review by the Appeals Council, and on December 8, 2023, the Appeals Council remanded the matter back to the ALJ.   R. 155–61.

On April 30, 2024, another hearing was held before the ALJ, at which Claimant and a VE testified.   R. 51–75.   Claimant was also represented by an attorney.   R. 51.   On June 28, 2024, the ALJ issued another unfavorable decision finding that Claimant was not disabled.   R. 8–36.   Claimant again sought review

---

[1] The transcript of the administrative proceedings is available at Doc. No. 10, and will be cited as "R. ___."   The Court notes that in the transcript, the "Application Summary for Disability Insurance Benefits" and the "Application Summary for Supplemental Security Income" list the application date as April 8, 2021.   R. 371–87. Because the application date is not at issue in nor dispositive of this appeal, the Court utilizes the application date stated by the ALJ and used by the parties: March 24, 2021.

by the Appeals Council, but on November 5, 2024, the Appeals Council denied the request.  R. 1–7, 363–68.  Claimant now seeks review in this Court.  Doc. No. 6; *see also* Doc. No. 1.

## II.    THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a).  R. 11–29.[3]  The ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2020.  R. 13.  The ALJ also found that Claimant had not engaged in substantial gainful activity since March 31, 2020, the alleged disability onset date.  *Id.*  The ALJ concluded that Claimant suffered from the following severe impairments:   alcohol withdrawal seizures versus seizure

---

[2] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record in their briefing.  Doc. Nos. 14, 16, 17.  Accordingly, the Court adopts those facts by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled:   (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

disorder; schizoaffective disorder, bipolar type; anxiety disorder; alcohol, marijuana, and nicotine dependence.   R. 14.[4]   The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 16–18.   As to Claimant's mental impairments specifically, the ALJ found that whether considered singly or in combination, they did not meet Listings 12.03, 12.04, or 12.06, and that Claimant had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing oneself.   *Id.*

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] except:

---

[4] The ALJ found that Claimant suffered from several other non-severe impairments, to include:   closed head injury and concussion with right parietal skull fracture and scalp hematoma; dehydration, encephalopathy, hypoglycemia; metabolic acidosis, and renal failure, resolved; hypercholesterolemia; insomnia; mild ethmoid and maxillary sinusitis; post-traumatic stress disorder; right otitis media; staphylococcus aureus infection; superficial abrasion; tachycardia; thrombocytopenia; and being underweight.   R. 14–16.

[5] The social security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full

> no climbing ladders, ropes, and scaffolds and crawling; occasional climbing ramps and stairs; frequent balancing, kneeling, crouching, and stooping; no operating a motor vehicle and no work around hazardous, moving mechanical parts; frequent exposure to extreme temperatures, humidity, respiratory irritants, and vibration; mentally limited to performing simple tasks; frequent interaction with supervisors, coworkers, and the general public.

R. 18.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was unable to perform any past relevant work, to include work as a short order cook or bartender.   R. 27.   However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs in the national economy that Claimant could perform, representative occupations to include fast foods worker, marker, or cleaner, housekeeping.   R. 28.   Accordingly, the ALJ concluded that Claimant was not under a disability from March 31, 2020 (the alleged disability onset date) through the date of the decision (June 28, 2024).   R. 29.

---

> or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

## III.    THE APPEALS COUNCIL.

Claimant requested review of the ALJ's decision by the Appeals Council.    R. 363–68.    With his request, Claimant submitted to the Appeals Council a General Personality Evaluation completed by Scott M. Kaplan, Psy.D. related to testing completed on September 11, 2024, and a Medical Opinion Re: Ability to Do Work-Related Activities (Mental), completed by Dr. Kaplan the same day.    R. 44–50.    On November 5, 2024, the Appeals Council denied the request for review, stating, in pertinent part as follows:

> You submitted medical evidence from Scott Kaplan, Psy.D. dated September 11, 2024 (7 pages).    We find this evidence does not show a reasonable probability that it would change the outcome of the decision.    We did not exhibit this evidence.

R. 2.    The ALJ's decision to deny Claimant's applications thus became the Commissioner's final decision.    *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citation omitted).    This appeal follows.    Doc. No. 6; *see also* Doc. No. 1.

## IV.    STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.    *Winschel v. Comm'r of Soc.*

*Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## V.    ANALYSIS.

Claimant raises one assignment of error in this appeal: the Appeals Council erred in finding no reasonable probability that the new evidence submitted from Dr. Kaplan would change the outcome of the ALJ's decision.   Doc. No. 14. Accordingly, this is the only issue the Court will address.

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council."

*Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)).    "The Appeals Council will review a case . . . if . . . [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."    20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).    The claimant must also show good cause for the late submission.    *Id.* §§ 404.970(b), 416.1470(b).[6] "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is . . . subject to judicial review."    *Washington*, 806 F.3d at 1320 (quoting *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).    "While the Appeals Council must adequately evaluate new evidence and 'apply the correct legal standards in performing its duties,' it is not required 'to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision.'"    *Delgado Torres v. Comm'r of Soc. Sec.*, No. 20-11604, 2024 WL 5200474, at *5 (11th Cir. Dec. 23, 2024) (quoting *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)).[7]

---

[6] Here, Claimant argues that there was good cause for submitting this evidence after the ALJ's decision.    Doc. No. 14, at 25.    Because the Appeals Council did not reject the evidence for failure to show good cause, nor does the Commissioner argue that Claimant lacked good cause, Doc. No. 16, the Court finds it unnecessary to address this issue further.

[7] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

At this stage, the Court's role is to determine whether the evidence submitted to the Appeals Counsel is new, material, and chronologically relevant, and whether such evidence renders the denial of benefits erroneous.   *Ingram*, 496 F.3d at 1261–62.[8]   "[E]vidence is considered material if there is a reasonable probability that it would change the administrative result."   *Chapman v. Commissioner, Soc. Sec. Admin.*, No. 22-13863, 2023 WL 8441514, at *2 (11th Cir. Dec. 5, 2023) (citing *Hyde v. Bowen*, 653 F.2d 456, 459 (11th Cir. 1987)).   "Evidence is chronologically relevant if it relates to the period before or on the date of the ALJ decision."   *Id.* (citing *Keeton*, 21 F.3d at 1066).

Here, as mentioned above, Claimant submitted to the Appeals Council a General Personality Evaluation completed by Dr. Kaplan related to testing completed on September 11, 2024, and a Medical Opinion Re: Ability to Do Work-Related Activities (Mental), completed by Dr. Kaplan the same day.   R. 44–50.   Dr. Kaplan examined Claimant on September 11, 2024, to assess Claimant's psychological and emotional functioning.   R. 45.   Dr. Kaplan conducted a clinical interview, a mental status examination, and an incomplete sentence blank test for adults.   *Id.*   Dr. Kaplan stated that Claimant was experiencing significant levels of

---

*See* 11th Cir. R. 36–2.

[8] The Court reviews the denial of review by the Appeals Council under sentence four of section 405(g).   *See Ingram*, 496 F.3d at 1262.

depression and anxiety as well as paranoia, and that his symptomatology was consistent with major depressive disorder, recurrent, with psychotic features, along with generalized anxiety disorder.  *Id.*   Dr. Kaplan opined:

> Based on the present test results [Claimant] is experiencing significant levels of psychopathology at the present time.   His current symptomatology is most consistent with the diagnosis of a major depressive disorder, recurrent, with psychotic features as well as a generalized anxiety disorder.   [Claimant] meets the criteria under Listing of Impairments for Section 12.04 depressive, bipolar and related disorders as well as Section 12.06 anxiety and obsessive-compulsive disorders.   Based on the present findings he is likely to experience mild impairment understanding one and two step tasks, moderate to marked impairment understanding complex tasks and marked impairment getting along in social settings and adapting.   He does not appear capable of gainful activity and will experience significant deterioration in a work setting due to his combined psychological impairments and associated features.   Specifically, he will have difficulty relating to coworkers, dealing with the public, using judgment, interacting with supervisors, dealing with work stress, functioning independently and maintaining attention and concentration.   He will not behave in an emotionally stable manner, nor will he relate predictably in social situations.   Consequently, he is unable to demonstrate reliability.   [Claimant's] prognosis is guarded.   However, psychotropic medication and individual psychotherapy are both strongly recommended.

R. 46.   Dr. Kaplan diagnosed Claimant with major depressive disorder, recurrent, with psychotic features; generalized anxiety disorder; and occupational problems/disability seizure disorder.   R. 47.

Dr. Kaplan also completed a Medical Opinion Re: Ability to Do Work-Related Activities (Mental), in which he addressed the time period of March 31, 2020 through September 11, 2024.   R. 48–50.   Dr. Kaplan reviewed records from the

Brevard Health Alliance dated 3/11/2020 to 4/21/2021 (Exhibit 1F); Holmes Regional Medical Center records dated 9/22/2019 through 7/7/2021 (Exhibit 2F); Melbourne Regional Medical Center records dated 7/26/2019 to 7/9/2021 (Exhibit 3F); Holmes Regional Medical Center records dated 9/22/2019 through 5/28/2022 (Exhibit 4F); Brevard Health Alliance records dated 1/24/2019 to 6/9/2022 (Exhibit 5F); Brevard Health Alliance records dated 7/7/2022 to 11/21/2022 (Exhibit 7F); Circles of Care records dated 11/29/2017 to 2/27/2024; and Brevard Health Alliance records beginning 1/9/2023 to 1/24/2024. R. 48. For this period, Dr. Kaplan opined that Claimant's mental limitations left Claimant seriously limited or unable to meet competitive standards in numerous regards. R. 48–49. Given these findings as well as his September 11, 2024 report, Dr. Kaplan opined that Claimant would be off-task 25% or more during a typical workday, and Claimant would be absent from work more than four days per month. R. 49–50.

Claimant argues that the evidence from Dr. Kaplan is new, material, and relates to the time before the ALJ's decision, and there is a reasonable probability that this evidence could have changed the outcome of the ALJ's decision. Doc. No. 14. Specifically, Claimant argues that the Appeals Council erred in finding that there was no reasonable probability that the evidence would change the outcome because the administrative record did not contain any opinions from an examining mental health source, the ALJ based his decision solely on the opinions of non-

Case 6:25-cv-00004-LHP    Document 18    Filed 09/26/25    Page 12 of 16 PageID 1324


examining state agency consultants, and the ALJ could find Dr. Kaplan's opinions more persuasive if considered.  *Id.* at 22–25.

The Commissioner, on the other hand, argues that Claimant relies too heavily on the evidence submitted to the Appeals Council, and fails to demonstrate that the ALJ's decision is unsupported by substantial evidence.  Doc. No. 16, at 4.  The Commissioner then provides a lengthy recitation of the ALJ's decision, and argument that the decision was indeed supported by substantial evidence.  *Id.* at 4–11.   As to the evidence related to Dr. Kaplan specifically, the Commissioner says that remand is not required because Dr. Kaplan's opinion is dated after the decision and does not purport to relate back to the period the ALJ considered, and Claimant's recourse is to file a new application for disability benefits.  *Id.* at 11. The Commissioner also argues that Dr. Kaplan's extreme opinions are "plainly at odds with the substantial evidence supporting the ALJ's findings."  *Id.* at 11–12.

Upon consideration, the Court agrees with Claimant and finds the Commissioner's contrary contentions unpersuasive, in that the new evidence from Dr. Kaplan meets the requirements of 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

The evidence from Dr. Kaplan is "new" because it post-dates the ALJ's decision, and the Commissioner does not argue otherwise.  *See* Doc. No. 16.  And contrary to the Commissioner's contentions, the evidence also relates to the period on or before the date of the ALJ's decision, as the Medical Opinion Re: Ability to Do

Work-Related Activities (Mental) specifically states that Dr. Kaplan reviewed several records from the relevant period, and his opinions concern the period "beginning 3/31/2020 through the present date [9/11/2024]." *See* R. 48. *See also Washington*, 806 F.3d at 1322 ("The opinions contained in Dr. Wilson's materials—including that Mr. Washington had extreme limitations in social interaction, sustained concentration, and persistence—are chronologically relevant even though Dr. Wilson examined him several months after the ALJ's decision"); *Hunter v. Soc. Sec. Admin., Comm'r*, 705 F. App'x 936, 940 (11th Cir. 2017) (finding evidence chronologically relevant where the psychologist's opinions, made four (4) months after the ALJ's decision, specifically state that they related back to the period under review).[9]

There is also a reasonable probability that the evidence from Dr. Kaplan, if credited, could have changed the administrative outcome. First, the ALJ found that that there was no "medical evidence showing that [Claimant] has a marked limitation in physical functioning or in one of the four broad areas of mental functioning" and that Claimant's mental impairments did not meet or medically equal Listings 12.03, 12.04, and 12.06. R. 16. Dr. Kaplan opined, however, that

---

[9] The Court notes that Claimant relies on *Washington* and *Hunter* in his briefing, and in response, the Commissioner does not address this authority nor make any attempt to distinguish it.

Claimant suffered from mental limitations that would meet Listings 12.04 and 12.06, and that Claimant suffered moderate to marked impairment in understanding complex tasks and marked impairment getting along in social settings and adapting. R. 46. *See Washington*, 806 F.3d at 1321 (finding materiality where "there is a reasonable possibility that Dr. Wilson's opinions could establish that Mr. Washington had an impairment[ ] that meets or equals listing 12.04 because he experienced at least marked difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace"); *Wiggins v. Comm'r of Soc. Sec.*, No. 6:23-cv-2024-EJK, 2024 WL 4719496, at *4 (M.D. Fla. Nov. 8, 2024) (finding remand warranted where new questionnaire at issue was "material" because there was a reasonably possibility that the ALJ would have made a "marked" finding affecting the disability determination based thereon).

In addition, Dr. Kaplan's opinions, if considered, have a reasonable probability of affecting the ALJ's RFC determination, in particular with regard to Claimant's ability to perform simple tasks and his interaction with supervisors, coworkers, and the general public, in light of the fact that there were no other examining physician opinions of record, as well as given Dr. Kaplan's opinions that Claimant suffered serious limitations or was unable to meet competitive standards during the period at issue in numerous regards. *Compare* R. 18, *with* R. 46, 48.[10]

---

[10] The Court also notes that the VE testified that unscheduled breaks lasting 30 to

*See, e.g., Dorsey v. Comm'r of Soc. Sec.*, No. 8:24-cv-489-DNF, 2025 WL 678817, at *5 (M.D. Fla. Mar. 4, 2025) (remand warranted to consider new and chronologically relevant evidence that was material because there was a reasonable probability that it would have changed the ALJ's RFC assessment); *Doran v. O'Malley*, No. 6:23-cv-883-JRK, 2024 WL 4198869, at *4 (M.D. Fla. Sept. 16, 2024) (finding remand proper where the new evidence "would significantly alter the RFC and carry a reasonable possibility of changing the administrative result"); *Roca v. Comm'r of Soc. Sec.*, No. 6:22-cv-1997-DNF, 2024 WL 639202, at *5 (M.D. Fla. Feb. 15, 2024) (remanding where evidence submitted to Appeals Council contradicted ALJ's RFC determination, finding that there was a reasonable possibility that the additional evidence would change the ALJ's RFC determination); *Sweeney v. Comm'r of Soc. Sec.*, No. 6:22-cv-103-EJK, 2023 WL 2071383, at *3 (M.D. Fla. Feb. 17, 2023) (remanding where the new medical opinion "support[ed] a more restrictive RFC than the ALJ's assessment, and if credited, it would change the ALJ's decision").   For these reasons, the Court finds remand warranted.

---

90 minutes at a time would be work preclusive, no more than 10% of off-task time would be tolerated by employers, and no more than one absence from work per month would be tolerated.   R. 72–73.   Dr. Kaplan opined that Claimant would be off task more than 25% of a workday, and that Claimant would be absent from work more than four days per month due to his mental impairments.   R. 49–50.   The VE also testified that further limitations with respect to interactions with supervisors, coworkers, and the general public would impact the availability of jobs available in the national economy.   R. 73–74.

## VI.    CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.    The final decision of the Commissioner is **REVERSED** pursuant to sentence four of § 405(g) and that the case is **REMANDED** to the Commissioner for further proceedings.

2.    The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record