# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EDSEL RODRIGUEZ-SERRANO,

      Plaintiff,

v.                                                                Case No:   6:25-cv-4-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant

---

## ORDER

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application for disability benefits.   Doc. No. 1.   On September 26, 2025, the Court entered a Memorandum of Decision reversing and remanding the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 18.   Judgment was entered in favor of Plaintiff and against the Commissioner that same day.   Doc. No. 19.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).   Doc. No. 21.

Plaintiff requests a total of $5,842.50[1] in attorney's fees under the EAJA, for 23.37 hours of work performed by Plaintiff's counsel in 2025, at a rate of $250.00 per hour. *Id.* at 1;  Doc. No. 21-2.  Plaintiff also appears to request that the Court authorize payment of the EAJA award directly to his counsel.   Doc. No. 21, at 2; Doc. No. 21-1, Section IV.   Despite Plaintiff's initial indication, *id.* at 1, 5, the Commissioner states that he does not oppose this motion.   Doc. No. 22.

Upon consideration, and absent any objection from the Commissioner, the Court finds the request for fees pursuant to the EAJA well taken.   Accordingly, the motion is due to be granted to the extent that it requests an award of $5,842.50 in attorney's fees under the EAJA.   However, to the extent Plaintiff requests that the Court honor his assignment of the EAJA award directly to his counsel (Doc. No. 21-2, at 2; Doc. No. 21-1), the motion is due to be denied because Plaintiff has not demonstrated compliance with the Anti-Assignment Act, 31 U.S.C. § 3727(b).   *See Crumbley v. Colvin*, No. 5:13-cv-291 (MTT), 2014 WL 6388569, at *4–5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).

---

[1] In the motion, Plaintiff requests $5,843.50, based on Plaintiff's attorneys' hours (23.37) and hourly rate ($250.00).   *See* Doc. 21, p. 1; Doc. 21-2.   However, upon the Court's calculation, and as noted by Commissioner, the listed attorney hours and hourly rate equals $5,842.50.   *See* Doc. No. 22.   The Court will interpret this minor discrepancy as a scrivener's error.

Accordingly, Plaintiff's Opposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 21) is **GRANTED in part**, to the extent that Plaintiff is awarded a total of $5,842.50 in attorney's fees under the EAJA. The motion is **DENIED** in all other respects.[2]

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.