# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EDSEL RODRIGUEZ-SERRANO,

     Plaintiff,

    v.                           Case No.:  6:25-cv-00004-LHP

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## ORDER[1]

This cause comes before the Court on an Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b).  Doc. No. 24.  The Commissioner of Social Security (the "Commissioner") has filed a response.  Doc. No. 26.  Upon review, and for the reasons that follow, the motion (Doc. No. 24) is **GRANTED**.

## I.    BACKGROUND.

Prior to filing the above-styled case, on January 2, 2025, Edsel Rodriguez-Serrano ("Claimant") entered into a contingency fee agreement with Bradley K. Boyd, Esq., for the purpose of appealing the Commissioner's denial of Claimant's request for social security disability benefits.  Doc. No. 24-3.  In the event that the Court remanded the case to the Commissioner for further proceedings and the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge in this case.  Doc. No. 1.

Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Boyd a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*

Also on January 2, 2025, Claimant filed a complaint against the Commissioner, alleging that the Commissioner improperly denied his request for disability benefits.  Doc. No. 1.[2]  On September 26, 2025, the Court reversed and remanded the Commissioner's decision.  Doc. No. 18.  Judgment was entered accordingly the same day.  Doc. No. 19.

Thereafter, Attorney Boyd filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. No. 21.  In the motion, Attorney Boyd stated that he spent 23.37 hours on this case.  *Id.*; *see also* Doc. No. 21-2.  The Court granted the motion in part, to the extent that the motion requested an award of $5,842.50 in attorneys' fees.  Doc. No. 23.[3]

On remand, the Commissioner found that Claimant was disabled for a closed period and awarded him a total of $73,080.00 in past due benefits.  Doc. No. 24, at 2; Doc. No. 24-1, at 3; *see also* Doc. No. 26, at 2 n.1.[4]  Based thereon, Attorney Boyd

---

[2] On January 3, 2025, Claimant filed an amended complaint correcting the spelling of Plaintiff's names, Doc. No. 2, which is the operative pleading.

[3] The Court denied the motion to the extent that Plaintiff requested that the Court honor his assignment of the EAJA award directly to his counsel.  Doc. No. 23.

[4] The award letter does not set forth the total amount of past due benefits, but states that 25% of the past due benefits awarded—$18,270.00—was withheld for payment of

has now filed a motion seeking authorization to collect a total of $12,427.50 in attorneys' fees from Claimant, which is twenty-five percent (25%) of the past-due benefits awarded ($18,270.00) minus the EAJA fees previously awarded ($5,842.50). Doc. No. 24, at 4.

Claimant has no objection to Attorney Boyd's request for fees. Doc. No. 24, at 3. The Commissioner neither supports nor opposes. Doc. No. 26. The matter is therefore ripe for review.

## II.   APPLICABLE LAW.

Attorney Boyd seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2). Therefore, to receive a fee under this statute, an attorney must seek

---

attorney's fees. Doc. No. 24-1, at 3. Thus, the total amount of past due benefits would equate to $73,080.00, and the Commissioner confirms that this is the correct amount in response. Doc. No. 26, at 2 n.1.

court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277.  Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover attorney's fees for the work performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court.  If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.  In the case

-4-

of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807–08.  Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each particular case.  *Id.*  In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings.  *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate do not control a court's determination of overall reasonableness).  The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III.   ANALYSIS.

Attorney Boyd represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision.  *See* Doc. Nos. 14, 17-18.   Ultimately, the Commissioner found that Claimant was disabled and awarded her a total of $73,080.00 in past due benefits for a closed period of disability.  Doc. No. 24-1, at 1, 3.  Attorney Boyd is therefore entitled to an award of attorney's fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Attorney Boyd is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $18,270.00.  *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 24-3; Doc. No. 24-1, at 3.   Attorney Boyd has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $5,842.50, by reducing his request for attorney's fees under § 406(b) by the amount previously awarded under the EAJA. *See Jackson*, 601 F.3d at 1271.  So, Attorney Boyd seeks a total of $12,427.50 in fees under § 406(b).  *Id.*

The Court finds that the amount Attorney Boyd requests in § 406(b) fees is reasonable.  First, Claimant entered into a contingency fee agreement, in which he agreed to pay Attorney Boyd a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *See* Doc. No. 24-3.  This agreement militates in favor of finding that the requested amount is reasonable.  *See Wells*, 907 F.2d at 371.  Second, Attorney Boyd spent a total of approximately 23.37 hours

-6-

litigating Claimant's case before this Court. *See* Doc. No. 24-4. As a result of Attorney Boyd's advocacy, Claimant was successful on her claims and became entitled to past-due benefits. *See* Doc. No. 42-1. Third, there is no evidence that Attorney Boyd caused any delays in this case. Finally, Attorney Boyd undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits. In light of the foregoing, the Court finds that Attorney Boyd's request for $12,427.50 (representing twenty-five percent (25%) of the past-due benefits awarded ($18,270.00), minus the EAJA fees previously awarded ($5,842.50), in attorney's fees under § 406(b) reasonable under the circumstances of this case.

## IV.   CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.    The Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 24) is **GRANTED**.

2.    Attorney Boyd is authorized to charge and collect from Claimant a total of $12,427.50 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2026.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record